**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**INDICTMENT FOR WIRE FRAUD AND NOTICE OF FORFEITURE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 26-86-SDD-EWD |
| | : | |
| *versus* | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 18 U.S.C. § 982(a)(1) |
| ELTON R. KELLY | : | 21 U.S.C. § 853(p) |
| | | 28 U.S.C. § 2461(c) |

**THE GRAND JURY CHARGES:**

At all times relevant to this Indictment:

1. Defendant, **ELTON R. KELLY** (**KELLY**), was a resident of Baton Rouge, Louisiana, within the Middle District of Louisiana.

2. Lender 1 was a financial institution based in Arizona.

3. Financial Technology Company 1was a financial institution domiciled in New York, New York. **KELLY** maintained an account ending in 2820.

**COVID-19 Disaster-Relief Programs**

4. The Coronavirus Aid, Relief, and Economic Security (CARES) Act was a federal law enacted in or around March of 2020 and designed to provide emergency financial assistance to millions of Americans who were suffering the economic effects of the COVID-19 pandemic, which was a Presidentially declared disaster. The CARES Act provided relief to small businesses through the Paycheck Protection Program (PPP).

USA Sealed Group
USPO
USM

*Paycheck Protection Program*

5. The Paycheck Protection Program (PPP) was administered by the Small Business Administration (SBA) and provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

6. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

7. PPP loan applications were electronically submitted or caused to be submitted by the borrower to a third-party SBA-approved lender, like Lender 1. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

8. The proceeds of a PPP loan were to be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrower to purchase consumer goods, automobiles, personal residences, clothing, or jewelry, to pay the

borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

**The Scheme to Defraud**

9. Beginning in or around May 22, 2020, and continuing until at least June 2021, in the Middle District of Louisiana and elsewhere, the defendant, **KELLY,** devised and intended to devise, a scheme and artifice to defraud the United States, through the SBA and Lender 1, by filing false and a fraudulent application for pandemic-related funds.

**Purpose of the Scheme**

10. The purpose of the scheme was for the defendant to unjustly enrich himself by obtaining pandemic-related funds by means of materially false and fraudulent pretenses, representations and promises.

**Manner and Means**

11. In furtherance of the scheme, **KELLY** filed a false and fraudulent PPP application. In his application, he made false representations and submitted fraudulent and misleading documents intended to bolster his applications. **KELLY** overstated his gross income and misrepresented his criminal history.

12. Specifically, **KELLY** filed the following PPP application, which contained the false representations described below and others: PPP Loan #7838029009, which was filed on May 22, 2021 with Lender 1.

13. In support of his fraudulent PPP application, **KELLY** submitted fraudulent and misleading documents, including a fictious 2019 Schedule C 1040 Tax Form, which falsely

represented that his business had more than $99,000 in gross receipts and sales for the year. As **KELLY** knew at the time, those representations were not true.

14. Based on **KELLY**'s false representations and the fraudulent supporting material Lender 1 approved and funded his PPP loan, wiring $20,732 to **KELLY'S** bank account ending in 2820.

**WIRE**

15. On or about June 15, 2021, in the Middle District of Louisiana and elsewhere, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, **ELTON R. KELLY**, the defendant herein, did cause to be transmitted in interstate commerce the following wire communications, among others: ACH transfer of $20,732 from Lender 1, located in Arizona, to bank account controlled by **KELLY** in the Middle District of Louisiana.

The above is a violation of Title 18, United States Code, Section 1343.

**NOTICE OF FORFEITURE**

16. The allegations contained in Paragraphs 1-15 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c).

17. Upon conviction, **ELTON R. KELLY**, defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), all property, real or personal that constitutes or is derived

from proceeds traceable to the offense, including but not limited to a sum of money equal to the amount of the proceeds of the offense.

18. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek a forfeiture money judgment and, pursuant 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

UNITED STATES OF AMERICA, BY

KURT WALL
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

ELLISON C. TRAVIS
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

**A TRUE BILL**

**REDACTED PER PRIVACY ACT**

GRAND JURY FOREPERSON

August 12, 2026
DATE

**Criminal Cover Sheet** **U.S. District Court**

**Place of Offense:**

City: Baton Rouge

County/Parish: East Baton Rouge

*Investigating Agency: MDLA

*Agent: Virginia Brandt

**Matter to be sealed:** ☑ Yes ☐ No

Related Case Information:

Superseding ☐ Docket Number ______

Same Defendant ☐ New Defendant ☐

Magistrate Case Number: ______

Search Warrant Case No.: ______

R 20/ R 40 from District of: ______

**Any Other Related Cases:** ______

**Defendant Information:**

Defendant Name: ELTON R. KELLY

Alias: ______

Address: ______

DOB: ______ SS / Alien#: ______ Sex: ___ Race: ______ Nationality: ______

**U.S. Attorney Information:**

AUSA: Ellison Travis

Bar #: LBN 19189

**Interpreter:** ☐ Yes ☑ No

**List language and/or dialect:** ______

**Location Status:**

Arrest Date: ______

☐ Already in Federal Custody as of ______

☐ Already in State Custody

☐ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: 1

**Mandatory Minimum Charged?**

☐ Yes ☑ No

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire fraud | 1 | F |
| | | | |
| | | | |
| | | | |

(May be continued on second sheet)

**Date:** 08/12/2026

**Signature of AUSA:** [signature]